**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BARBARA A. DUROSS,

                              Plaintiff,

         - v. -                                            Civ. No. 1:05-CV-368
                                                                        (RFT)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

**APPEARANCES:**                                             **OF COUNSEL:**

OFFICE OF MARK A. SCHNEIDER          MARK A. SCHNEIDER, ESQ.
Attorney for Plaintiff
57 Court Street
Plattsburgh, New York 12901

HON. GLENN T. SUDDABY                    WILLIAM H. PEASE
U.S. Attorney for the Northern District of New York   Assistant U.S. Attorney
Attorney for Defendant
100 South Clinton Street
Syracuse, New York 13261

**RANDOLPH F. TREECE**
**UNITED STATES MAGISTRATE JUDGE**

## DECISION AND ORDER[1]

In this action, Plaintiff Barbara A. Duross moves, pursuant to 42 U.S.C. § 405(g), for a review of a decision by the Commissioner of Social Security denying her application for disability insurance benefits (DIB).[2] Based upon the following discussion, this Court **reverses and remands** the Commissioner's decision denying Social Security benefits.

---

[1] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties consented to the undersigned presiding over this matter. Dkt. No. 19.

[2] This case has proceeded in accordance with General Order 18, which sets forth the procedures to be followed when appealing a denial of Social Security Benefits. Both parties have filed Briefs, though oral argument was not heard. Dkt. Nos. 7 & 14.

## I. BACKGROUND

### A. Facts

The Court adopts the facts set forth in Plaintiff's "Statement of the Appeal," which was filed alongside Plaintiff's Brief,[3] with the exception of any inferences or arguments contained therein. Dkt. Nos. 7, Pl.'s Br., & 7-2, Pl.'s Statement of the Appeal; *see also* Dkt. No. 14, Def.'s Br., at p. 2 (adopting Plaintiff's Statement of Facts). Barbara A. Duross, born in 1955, was forty-seven years old at the time she filed for disability benefits. Dkt. No. 6, Admin. Tr. (hereinafter "Tr.") at p. 50. Plaintiff has her high school degree. *Id.* at p. 72. Her past work experience includes working as an activity aide and certified nursing assistant in a nursing home; she also has worked as a cashier. *Id.* at p. 411. Plaintiff alleges that she became unable to work on February 13, 2002, due to a weak back and arms, a high susceptibility to germs, low resistance, pain, a breathing condition, coughing, and mental and emotional difficulties. *Id.* at pp. 66 & 73.

---

[3] In addition to filing a Brief that contains only legal argument, Plaintiff attached a separate Statement of the Appeal, which includes only a recitation of the facts. Plaintiff's Brief is twenty-five pages long, while the Statement of the Appeal is twenty-nine pages long. Dkt. No. 7. On August 4, 2005, Defendant asked the Court to strike Plaintiff's submission and direct that Plaintiff file a brief that conforms with the Local Rules. Dkt. No. 9. In defending Plaintiff's filing, Attorney Mark Schneider explained that he was following Local Rule 7.1(a)(3), which he felt obligated him to file a separate statement of material facts. Dkt. No. 8. Ultimately, Defendant's request was denied by the Court. Dkt. No. 9. Nevertheless, since we believe that Plaintiff's attorney's reliance on Local Rule 7.1(a)(3) is misplaced, the Court offers the following as clarification for future reference. Local Rule 7.1(a)(3) applies to motion practice in this District and, with regard to motions for summary judgment, a separate statement of material facts is required. However, the Board of Judges has found it prudent to establish a separate set of rules with regard to Social Security appeals, such as the one currently before the Court. To that end, General Order 18 was issued. This Order, which is issued in every Social Security appeal, including this one, is rather explicit with regard to the form and content of a party's brief. It directs that a brief is not to exceed twenty-five pages and shall include <u>all</u> of the following: 1) a statement of the issues presented for review; 2) a statement of the case; 3) argument; and 4) a short conclusion stating the relief sought. The "statement of the case" section is the party's opportunity to set forth the relevant facts and summary of the evidence of record. G.O. #18 at p. 2. Once the parties have submitted briefs, the matter is automatically forwarded to the assigned magistrate judge who shall consider the case as if both parties had submitted a motion for judgment on the pleadings alongside their respective brief. Just because the matter is being considered as if a dispositive motion was filed is not an invocation of Local Rule 7.1(a)(3), which, incidentally, is only applicable when a motion for summary judgment is filed. Thus, the Plaintiff's inclusion of a separate statement of facts was inappropriate.

### B. Procedural History

On January 30, 2003, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of February 13, 2002. Tr. at pp. 50-52, 62-64, & 66. The application was denied initially on June 25, 2003. *Id.* at pp. 35 & 37-40. Plaintiff requested a Hearing which was held before Administrative Law Judge ("ALJ") Richard Zack on August 4, 2004. *Id.* at pp. 406-29. On September 30, 2004, ALJ Zack found that Plaintiff was not under a disability. *Id.* at pp. 12-19. On February 18, 2005, the Appeals Council concluded that there was no basis under the Regulations to grant Plaintiff's request for review, thus rendering the ALJ's decision the final determination of the Commissioner. *Id.* at pp. 4-7. Exhausting all of her options for review through the Social Security Administration's tribunals, Plaintiff now brings this appeal.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), the proper standard of review for this Court is not to employ a *de novo* review, but rather to discern whether substantial evidence supports the Commissioner's findings and that the correct legal standards have been applied. *See Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991); *Urtz v. Callahan*, 965 F. Supp. 324, 325-26 (N.D.N.Y. 1997) (citing, *inter alia*, *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Succinctly defined, substantial evidence is "more than a mere scintilla," it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938).

The ALJ must set forth the crucial factors supporting the decision with sufficient specificity. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). Where the ALJ's findings are supported by substantial evidence, the court may not interject its interpretation of the administrative record. *Williams*

*ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988); 42 U.S.C. § 405(g). Where the weight of the evidence, however, does not meet the requirement for substantial evidence or a reasonable basis for doubt exists as to whether correct legal principles were applied, the ALJ's decision may not be affirmed. *Johnson v. Bowen*, 817 F.2d at 986.

### B.  Determination of Disability

To be considered disabled within the meaning of the Social Security Act, a plaintiff must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Furthermore, the claimant's physical or mental impairments must be of such severity as to prevent engagement in any kind of substantial gainful work which exists in the national economy. *Id*. at § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner follows a five-step analysis set forth in the Social Security Administration Regulations. 20 C.F.R. § 404.1520. At Step One, the Commissioner "considers whether the claimant is currently engaged in gainful activity." *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). If the claimant is engaged in substantial gainful activity, he or she is not disabled and the inquiry ends. 20 C.F.R. § 404.1520(b). If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to Step Two and assesses whether the claimant suffers from a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* at § 404.1520(c). If the claimant suffers from a severe impairment, the Commissioner considers at Step Three whether such impairment(s) meets or equals an impairment listed in Appendix 1, in Part 404, Subpart P of the Regulations. *Id*. at § 404.1520(d). The

Commissioner makes this assessment without considering vocational factors such as age, education, and work experience. *Berry v. Schweiker*, 675 F.2d at 467. Where the claimant has such an impairment the inquiry ceases as he or she is presumed to be disabled and unable to perform substantial gainful activity. *Id*. If the claimant's impairment(s) does not meet or equal the listed impairments, the Commissioner determines the claimant's residual functional capacity (RFC),[4] which is utilized in both Steps Four and Five. 20 C.F.R. § 404.1520(e). If at Step Four, the Commissioner determines that the claimant cannot perform his or her past work, then at Step Five, the Commissioner considers whether the claimant can perform any other work available in the national economy. *Berry v. Schweiker*, 675 F.2d at 467; 20 C.F.R. § 404.1520(f).

Initially, the burden of proof lies with the claimant to show that his or her impairment(s) prevents a return to previous employment (Steps One through Four). *Berry v. Schweiker*, 675 F.2d at 467. If the claimant meets that burden, the burden then shifts to the Commissioner at Step Five to establish, with specific reference to medical evidence, that the claimant's physical and/or mental impairment(s) are not of such severity as to prevent him or her from performing work that is available within the national economy. *Id*.; 42 U.S.C. § 423(d)(2)(A); *see also White v. Sec'y of Health and Human Servs.*, 910 F.2d 64, 65 (2d Cir. 1990). In making this showing at Step Five, the claimant's RFC must be considered along with other vocational factors such as age, education, past work experience, and transferability of skills. 20 C.F.R. § 404.1520(f); *see also New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

---

[4] "Residual functional capacity" is defined by the Regulations as follows: "Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is what you can still do despite your limitations." 20 C.F.R. § 404.1545(a).

### C. ALJ Zack's Findings

At the hearing, Plaintiff and Andrew Caporale, a vocational expert (VE), testified. Tr. at pp. 406-29. In addition to such testimony, the ALJ had Plaintiff's medical records consisting of treatment reports and opinions from various treating physicians and other sources, including, 1) Barbara Denton, A.C.S.W., Essex County Mental Health Services (hereinafter "Essex County"); 2) Rebekah Radmanesh, M.D., and David Hinsman, M.D., Psychiatrists, Essex County; 3) Glen Chapman, M.D., and Richard McKeever, M.D., Hudson Headwaters Health Network/Ticonderoga Health Center (hereinafter "Hudson Headwaters"); 4) Shelly VanKempen, NPP, and Fred VanKempen, L.C.S.W., Hudson Headwaters; 5) Physical Therapy Notes, Moses-Ludington Hospital; 7) Patricia Henel, Ph.D., Clinical Psychologist; 8) Lisa Newman, Ph.D.; 9) Warren Rinehart, M.D., an Orthopedic Surgeon; and 10) David Welch, M.D., Adirondack Rehabilitation Medicine, P.L.L.C. *Id.* at pp. 119-385.

Using the five-step disability evaluation, ALJ Zack found that 1) Plaintiff has not engaged in any substantial gainful activity since February 13, 2002, the alleged onset disability date; 2) her back problems and depression are severe medically determinable impairments; 3) her severe impairments do not meet nor medically equal any impairment listed in Appendix 1, Subpart P of Social Security Regulations No. 4; 4) she has the RFC to perform light work and cannot perform her past relevant work; but 5) considering the VE's testimony, as well as Plaintiff's age, educational background, work experience, and RFC, Plaintiff is capable of making a successful adjustment to work that exists in significant numbers in the national economy and therefore is not disabled. *Id*. at pp. 12-17.

### D. Duross's Contentions

In seeking federal judicial review of the Commissioner's decision denying her benefits, Duross makes the following arguments: 1) the Court should consider Plaintiff's post-appeal submissions; 2)

the ALJ erred by failing to find that Plaintiff's obesity is a severe impairment; 3) the ALJ erred by failing to find that Plaintiff's condition met Listing 12.04; 4) the ALJ erred in determining Plaintiff's RFC; 5) the ALJ violated the Treating Physician Rule; 6) the ALJ erred in determining Plaintiff's credibility; and 7) the ALJ supplied an inaccurate hypothetical question to the vocational expert.  As explained fully below, the Court finds that the ALJ's decision must be reversed due to several legal errors.

### *1. Requests for Consideration of Submissions*

#### *a. Record from Dr. Welch*

Plaintiff requests that the Court consider a treatment report from Dr. Welch, dated November 7, 2005.  Dkt. Nos. 15 & 16.  According to 42 U.S.C. § 405(g), a court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is *new* evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding[.]"  (Emphasis added); *see also Lisa v. Sec'y of Health and Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991); *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988).  In order to justify remand under this provision, the plaintiff must show (1) that the proffered evidence is new and not merely cumulative of what is already in the record, (2) that the evidence is material, *i.e.*, both relevant to the claimant's condition during the time period for which benefits were denied and probative, and (3) good cause for failing to present the evidence earlier.  *Lisa v. Sec'y of Health and Human Servs.*, 940 F.2d at 43.  The concept of materiality also requires a reasonable possibility that the new evidence would have influenced the Secretary to decide a claimant's application differently.  *Tirado v. Bowen*, 842 F.2d at 597.  Good cause exists where the evidence "surfaces after the Secretary's final decision and the claimant could not have obtained the evidence

during the pendency of that proceeding." *Lisa v. Sec'y of Health and Human Servs.*, 940 F.2d at 44.

The administrative record already contains a treatment note from Dr. Welch, dated November 9, 2004. Tr. at pp. 404-05. This treatment note was not included in the ALJ's review since it was generated subsequent to his decision, however, Plaintiff's attorney presented it to the Appeals Council for consideration in appealing the ALJ's unfavorable decision. *Id*. at p. 403. The Appeals Council considered this, and other additional evidence submitted, and declined to review the ALJ's decision. *Id*. at pp. 4-7. In the November 2004 note, Dr. Welch indicates that Duross had been referred to him for a consultation at the request of Drs. McKeever and Chapman. Upon examination, Dr. Welch determined that Plaintiff had "numerous trigger points," which suggested to him chronic fibromyaglia. *Id*. at p. 404. Dr. Welch opined that Plaintiff is totally disabled due to depression and fibromyaliga. *Id.* at p. 405.

In the November 7, 2005 note, Dr. Welch again found that Plaintiff has trigger point activity and opined that Plaintiff is totally disabled. Dkt. No. 15 at p. 2. Plaintiff asks the Court to consider this "new evidence" as relevant to the issue of Plaintiff's credibility and her other substantive claims and to summarily remand this matter to the Commissioner to consider the additional evidence. *Id*. at p. 1. The Court finds that the subsequent progress note, while not in existence during the pendency of the SSA proceedings under review, is not "new" in the sense that it is cumulative. Dr. Welch made similar findings in the November 2004 note, namely, that Plaintiff suffered from chronic fibromyalgia and depression as was totally disabled. *Compare* Tr. at pp. 404-05 *with* Dkt. No. 15 at p. 2. Furthermore, the November 2005 note is not material because there is no reasonable possibility that it would have influenced the Commissioner to decide Duross's application differently. The diagnoses put forth by Dr. Welch were already before the Appeals Council, and yet, they declined to disturb the

ALJ's decision denying benefits. At the time of Dr. Welch rendered his November 2004 note, his treatment relationship with Plaintiff amounted to nothing more than a one-time consultation. There is no reasonable possibility that the Appeals Council would, based on this one-time assessment, credit any controlling weight to Dr. Welch's opinions. The fact that he, as of the November 2005 note, established an ongoing treatment relationship with Plaintiff is not relevant as to Duross's disability status during the period currently under review, namely, February 13, 2002 (the alleged onset disability date) through September 30, 2004 (the ALJ's decision). In fact, according to the Regulations, the Appeals Council will only consider new and material evidence that "relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970. It is unclear whether Dr. Welch's November 2005 note relates to such time period. Moreover, Dr. Welch's opinion that Plaintiff is disabled is an issue that is reserved to the Commissioner. *Id*. at § 404.1527(e)(1). Even assuming for the moment that Dr. Welch would now properly be classified as a treating physician, the Commissioner is only required to give consideration to this opinion; he is not required to give it controlling weight. *Id*.; Social Security Ruling (S.S.R.) 96-5p, 1996 WL 374183, *Policy Intrepretation Ruling Title II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner* (S.S.A. 1996). Accordingly, Plaintiff's request to consider new evidence and for a remand on this ground (Dkt. No. 15) is **denied**.

### b. *Favorable Decision*

In addition to Dr. Welch's November 2005 treatment note, Plaintiff asks the Court to consider a favorable disability decision rendered on November 20, 2007, by ALJ Terrence Farrell. Dkt. No. 21. In his November 2007 decision, ALJ Farrell found Plaintiff disabled as of October 1, 2004. Apparently, Plaintiff seeks to have this Court consider the subsequent favorable decision as further

evidence of Plaintiff's disability during the time period at issue in this appeal. In reviewing both ALJs Farrell's and Zack's opinions, however, this Court disagrees with Plaintiff's assessment that ALJ Farrell's finding of disability was based "essentially on the same impairments that [Duross] had prior to September 30, 2004." Dkt. No. 21. In fact, the decision by ALJ Farrell encompasses a different time period, some different impairments, and some different medical evidence than the decision rendered by ALJ Zack. *Compare* Tr. at pp. 12-19 *with* Dkt. No. 21-2. Moreover, ALJ Farrell specifically noted that his decision "would be issued only with respect to the unadjudicated period from October 1, 2004." Dkt. No. 21-2 at p. 1. Accordingly, the Court finds that ALJ Farrell's decision is not relevant to Plaintiff's condition during the time period for which benefits were denied. *See Lisa v. Sec'y of Health and Human Servs.*, 940 F.2d at 43; *see also Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (holding that the district court did not err in denying a plaintiff's motion to remand his initial application in light of a later award of benefits based on his second application because the second application involved different medical evidence, a different time period, and a different age classification); *cf. Ryles v. Sec'y of Health and Human Servs.*, 526 F. Supp. 1141, 1143 (E.D.N.Y. 1981) (noting that the relevant inquiry is a claimant's condition and relevant law during the time period for which benefits were denied and that if a claimant's condition should later deteriorate after a claim denial, the proper procedure is to reapply for disability benefits). Therefore, the Court **denies** Plaintiff's request (Dkt. No. 21) to consider the effect of a latter award of benefits for a different time period as probative on the issue of disability during the time period at issue in this appeal.

### *2. Step Two - Severity of Impairments*

At Step Two of the evaluation process, a claimant must prove the existence of a severe impairment that significantly limits his or her physical and/or mental ability to do basic work activities.

*See* 20 C.F.R. § 404.1520(c); *see also* 20 C.F.R. § 404.1521(a) (noting that an impairment is not severe at Step Two if it does not significantly limit a claimant's ability to do basic work activities).  The Regulations define "basic work activities" as the "abilities and aptitudes necessary to do most jobs," examples of which include,

> (1) Physical functions such as walking, standing, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b); *see also* S.S.R. 85-28, 1985 WL 56856, at *3-4, *Titles II and XVI: Medical Impairments That Are Not Severe* (S.S.A. 1985).

"A finding of not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect on an individual's ability to work.'" *Rosario v. Apfel*, 1999 WL 294727, at *5 (E.D.N.Y. Mar. 19, 1999) (quoting S.S.R. 85-28, 1985 WL 56856, at *3).  The Second Circuit has held that the Step Two analysis "may do no more than screen out *de minimis* claims." *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995).  If the disability claim rises above a *de minimis* level, then the remaining analysis of the claim at Steps Three through Five must be undertaken.  *See id.*

Plaintiff contends that the ALJ erred by failing to find that her obesity is a severe impairment in and of itself or in combination with her other impairments. Dkt. No. 7 at pp. 18-20.  However, aside from reciting varying weight fluctuations, Plaintiff fails to show that her obesity significantly limits her ability to do basic work activities.  Furthermore, though her obesity was consistently documented through weight measurements, no examining physician opined that her obesity caused any limitations. Therefore, this claim is unavailing.

*-11-*

### *3. Step Three - Listing 12.04*

Plaintiff argues that her mental condition meets Listing 12.04. Dkt. No. 7 at pp. 12-15. The burden is on the plaintiff to present medical findings which show that his or her impairments match a Listing or are equal in severity to a listed impairment. *Zwick v. Apfel*, 1998 WL 426800, at *6 (S.D.N.Y. July 27, 1998). In order to show that an impairment matches a Listing, the claimant must show that his or her impairment meets all of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); 20 C.F.R. § 404.1525(d). If a claimant's impairment "manifests only some of those criteria, no matter how severely," such impairment does not qualify. *Sullivan v. Zebley*, 493 U.S. at 530 (citing S.S.R. 83-19, 1983 WL 31248, *Titles II and XVI: Finding Disability on the Basis of Medical Considerations Alone – The Listing of Impairments and Medical Equivalency* (S.S.A. 1983)). To show medical equivalence, the claimant must present medical findings equal in severity and duration to all the criteria of a listed impairment. 20 C.F.R. § 404.1526(a).

Listing 12.04 provides as follows:

12.04 Affective Disorders: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.

**The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.**

A. Medically documented persistence, either continuous or intermittent, of one of the following:
    1. Depressive syndrome characterized by at least four of the following:
        a. Anhedonia or pervasive loss of interest in almost all activities; or
        b. Appetite disturbance with change in weight; or
        c. Sleep disturbance; or
        d. Psychomotor agitation or retardation; or
        e. Decreased energy; or
        f. Feelings of guilt or worthlessness; or
        g. Difficulty concentrating or thinking; or
        h. Thoughts of suicide; or

>>i. Hallucinations, delusions or paranoid thinking; or
>2. Manic syndrome characterized by at least three of the following:
>>a. Hyperactivity; or
>>b. Pressure of speech; or
>>c. Flight of ideas; or
>>d. Inflated self-esteem; or
>>e. Decreased need for sleep; or
>>f. Easy distractibility; or
>>g. Involvement in activities that have a high probability of painful consequences which are not recognized; or
>>h. Hallucinations, delusions or paranoid thinking;
>or
>3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);
>
>AND
>
>B. Resulting in at least two of the following:
>>1. Marked restriction of activities of daily living; or
>>2. Marked difficulties in maintaining social functioning; or
>>3. Marked difficulties in maintaining concentration, persistence, or pace; or
>>4. Repeated episodes of decompensation, each of extended duration;
>
>Or
>
>C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>>1. Repeated episodes of decompensation, each of extended duration; or
>>2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>>3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04 (emphasis added).

The Regulations direct an ALJ to utilize a special technique in assessing the severity of a claimant's mental impairment. 20 C.F.R. § 404.1520a; *Rosado v. Barnhart*, 290 F. Supp. 2d 431, 437 (S.D.N.Y. 2003). In accordance with this special technique, the ALJ must first assess whether a medically determinable mental impairment exists. 20 C.F.R. § 404.1520a(b)(1). Then the ALJ should rate the degree of functional limitation resulting from the claimant's mental impairment to determine

whether it is severe. *Id*. § 404.1520a(b)(2). The Regulations instruct the ALJ to rate the claimant's limitations in four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. *Id*. § 404.1520a(c)(3). The first three functional areas are rated along a five-point scale ranging from no limitation to extreme limitation. *Id*. § 404.1520a(c)(4). A finding of "none" or "mild" in these areas would generally warrant a finding that the claimant's mental impairments are not severe. *Id*. § 404.1520a(d)(1).

In his decision, the ALJ reviewed Section 12.04 and found that Plaintiff's condition does not meet nor medically equal Listing 12.04. Tr. at p. 14. The ALJ explained as follows:

> [T]he medical evidence fails to reflect the degree of functional limitations required to meet the "B" criteria of the listings at 12.04 and it does not establish the presence of the "C" criteria. The undersigned finds that the claimant's psychological impairment causes mild restrictions of activities of daily living. There are mild and at times moderate difficulties in social functioning and in maintaining concentration, persistence or pace but there are no repeated episodes of decompensation.

*Id.*

The ALJ offered no further analysis nor a statement of the evidence he relied upon in rendering this assessment.

In cases where the disability claim is premised upon one or more listed impairment in Appendix 1, the Secretary is obligated to set forth a sufficient rationale in support of his decision to find or not to find a listed impairment. *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982); *see also Hendricks v. Comm'r of Soc. Security*, 452 F. Supp.2d 194, 198-99 (W.D.N.Y. 2006). Here, it is unclear on what evidence the ALJ relied in finding that Plaintiff's condition failed to meet or medically equal Listing 12.04. Instead, the ALJ simply provided a conclusory finding. This insufficient rationale impairs our ability to determine whether substantial evidence supports the non-disability determination and therefore warrants reversal of the Commissioner's decision denying benefits.

### *4. RFC*

The Regulations direct the Commissioner to assess a claimant's RFC as a basis for determining the particular types of work the claimant may be able to perform despite the existence of physical and/or mental impairments. *See* 20 C.F.R. § 404.1545(a). When determining RFC, the ALJ can consider a variety of factors including a treating physician's or examining physician's observations of limitations, the plaintiff's subjective allegations of pain, physical and mental abilities, as well as the limiting effects of all impairments even those not deemed severe. *Id*. at § 404.1545(a). In qualifying work in the national economy, the Regulations classify and define jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R. § 404.1567. If the applicant can still perform the kind of work he or she performed in the past, they are deemed not disabled. *Id.* at § 404.1520(e).

In this case, the ALJ stated that Plaintiff retained the RFC to perform light work.[5] Tr. at p. 16. Specifically, the ALJ found as follows:

> [T]he undersigned finds the claimant retains the residual functional capacity for light work that requires no more than 2 hours of sitting at a time, standing 10/20 minutes at a time, 1 hour total; and no more than 30 minutes of standing at a time, total of 2 hours. The claimant has the ability to understand, remember and carry out simple instructions, make simple work-related decisions, respond appropriately to supervision, co-workers and usual work situations as well as handle changes in [a] routine work setting.

*Id.*

While the ALJ reviewed the medical evidence in some detail and discussed Plaintiff's credibility, the ALJ failed to explain on which specific evidence he relied in making the RFC

---

[5] The Regulations define "light work" as follows:
Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
20 C.F.R. § 404.1567(b).

determination. Pursuant to SSR 96-8p, the RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). SSR 96-8p, 1996 WL 374184, at *7, *Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims* (S.S.A. July 2, 1996). Here, the ALJ failed to describe *how* the evidence supports each conclusion.

Moreover, after reiterating various physicians' opinions regarding Duross' physical and mental limitations, the ALJ failed to explain the weight he afforded such opinions in rendering the RFC assessment. This is in direct contravention of the Treating Physician Rule. The Treating Physician Rule recognizes that a claimant's treating sources, which in most cases are medical professionals, are more apt to "provide a detailed, longitudinal picture of [the patient's] medical impairment(s) and may bring a unique perspective to the medical findings" as opposed to an evaluation of a one-time, non-examining, non-treating physician. 20 C.F.R. § 404.1527(d)(2); *see Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993). Under the Regulations, a treating physician's opinion as to the nature and severity of a claimant's impairment is entitled to "controlling weight" when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *see also Rosa v. Callahan*, 168 F.3d 72, 78-79 (2d Cir. 1999).[6] In analyzing a treating physician's opinion, "the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion." *McBrayer v. Sec'y of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983); *see also Balsamo v. Chater*, 142 F.3d 75, 80-81 (2d Cir. 1998). In the event the ALJ does not give controlling weight to the treating physician, he must

---

[6] A "treating physician" is the claimant's "own physician, osteopath or psychologist (including outpatient clinic and health maintenance organization) who has provided the individual with medical treatment or evaluation, and who has or had an ongoing treatment and physician-patient relationship with the individual." *Jones v. Apfel*, 66 F. Supp. 2d 518, 524-25 (S.D.N.Y. 1999) (quoting *Schisler v. Bowen*, 851 F.2d 43, 46 (2d Cir. 1988)).

specifically state the reasons for doing so. 20 C.F.R. § 404.1527(d)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). Not once in his entire decision did ALJ Zack explain what weight was being assigned to any medical opinion, let alone Plaintiff's Treating Physician.

Since the ALJ failed to elucidate the weight given to each medical opinion, and taking into account that no opinion contained in the record suggests the exact limitations proposed by the ALJ, we are led to believe that the ALJ simply substituted his own judgment for that of the multitude of competent medical opinions. Without the crucial explanation of evidence relied upon and weight accorded to medical opinions, this Court is unable to conclude that the ALJ's RFC determination is supported by substantial evidence. The ALJ's error in this regard warrants reversal of the Commissioner's decision denying benefits.

### E. Reversal With or Without Remand

In determining the final disposition of this matter, the most equitable judgment must be implemented. The court has authority to reverse with or without remand. 42 U.S.C. § 405(g). Remand is appropriate where there are gaps in the record or further development of the evidence is needed. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Sobolewski v. Apfel*, 985 F. Supp. 300, 314 (E.D.N.Y. 1997) ("Where there are gaps in the administrative record, remand to the Commissioner for further development of the evidence is in order.") (cited in *Rosa v. Callahan*, 168 F.3d at 82-83). Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and remand for further evidentiary development would not serve any purpose. *Parker v. Harris*, 626 F.2d at 235; *see also Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000) ("Where, however, the reversal 'is based solely on the [Commissioner's] failure to sustain her burden of adducing evidence of the

claimant's capability of gainful employment and the [Commissioner's] finding that the claimant can engage in sedentary work is not supported by substantial evidence, no purpose would be served by [the court] remanding the case for rehearing." (citing *Balsamo v. Chater*, 142 F.3d at 82 (alterations in original)); *Rosa v. Callahan*, 168 F.3d at 83 (remand solely for calculation of benefits is warranted when the court has no "apparent basis to conclude that a more complete record might support the Commissioner's decision"); *Simmons v. United States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992).

Because the ALJ committed several errors, namely in his Step Three and RFC determinations, the Court need not – indeed, cannot – reach the question of whether the Commissioner's denial of benefits was based on substantial evidence. Based upon the errors identified in this opinion, we find that a remand for further consideration is appropriate. *Curry v. Apfel*, 209 F.3d at 124 ("Upon a finding that an administrative record is incomplete or that an ALJ has applied an improper legal standard, we generally . . . remand the matter to the Commissioner for further consideration." (citation omitted)). Upon remand, the Commissioner shall reassess whether Plaintiff's mental impairments meet or medically equal the criteria of Listing 12.04 for the period of February 13, 2002 through September 30, 2004, and provide an adequate explanation as required. In the event the Commissioner determines, and adequately explains, that Plaintiff's impairment did not meet or medically equal the Listing criteria, the Commissioner should continue the sequential evaluation. In redetermining Plaintiff's RFC, the Commissioner shall ensure that proper explanations are provided not only with regard to the medical evidence relied upon, but also with regard to the weight accorded Plaintiff's treating physicians as well as her credibility.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's requests to consider new evidence (Dkt. Nos. 15 & 21) are **DENIED**; and it is further

**ORDERED**, that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings consistent with the above; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this decision upon parties to this action.

**IT IS SO ORDERED**.

Dated: September 11, 2008
  Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge